IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cr. No. 09-1758 JCH |
| LAWRENCE ROYBAL, | ) | |
| Defendants. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, LAWRENCE ROYBAL, and the Defendant's counsel, John Robbenhaar:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to the indictment, charging a violation of 18 U.S.C. §§ 1153 and 113(a)(3), that being Assault With a Dangerous Weapon.

## **SENTENCING**

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

    a. imprisonment for a period of not more than 10 years;

    b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c. a mandatory term of supervised release of not more than 3 years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100.00; and

    e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

7. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On May 1, 2009, the Jicarilla Apache Police Department (JAPD) came to my house located in Dulce, New Mexico, which is located in the Jicarilla Apache Reservation in Indian Country. When the officers arrived at my home, after some discussion with the officers through a window in my house, I stood outside my house in the front doorway entry and held a knife. I told the officers to shoot me. The officers**

3

**attempted to calm me and get me to release the knife. Eventually, I cut my arm two times with the knife and then returned inside my house, closing and locking the front door behind me. In response, the officers entered my house by kicking in the door. When the officers entered my home, I was standing in the living room in a fighting stance still holding the knife. The officers sprayed me with pepper spray. I threw a large, twelve-inch kitchen knife at the officers, intending bodily harm. The knife just missed CI Joseph Wells and struck the wall behind CI Wells. I threw the knife with sufficient force to cause a dent in the wall behind CI Wells.**

9. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the Defendant stipulate as follows:

    a. The United States has made an AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence of 2 years (24 months) imprisonment is the appropriate term of incarceration in this case. In addition, the Court may order a fine not to exceed $250,000.00, a term of supervised release of up to three (3) years following imprisonment, a mandatory special penalty assessment and restitution. Defendant may not seek a downward departure, variance, or deviation of any kind from the agreed upon sentence. If the Court rejects this agreement to the specific

sentence stated above, the Defendant shall have the right to withdraw his plea of guilty pursuant to Fed. R. Crim. P. 11(c)(5).

b.  If the Court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C), the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

12. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any order of restitution, imposed in conformity with this plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

13. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 10th day of November, 2009.

GREGORY J. FOURATT
United States Attorney

*[signature]*

SHANA B. PENNINGTON
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

*[signature]*

JOHN ROBBENHAAR
Attorney for the Defendant

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

*[signature]*

LAWRENCE ROYBAL
Defendant